# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO RANDY DUNGAN, | Case No. 1:14-cv-01391-EPG |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Benito Randy Dungan ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Erica P. Grosjean.[1]  Upon a review of the entire record, the Court finds the ALJ's decision is proper and is supported by substantial evidence in the record as a whole.  Accordingly, this Court affirms the agency's determination to deny benefits and denies Plaintiff's appeal.

---

[1] The parties consented to the jurisdiction of the Magistrate Judge. (Docs. 7 and 8).

## II.  BACKGROUND AND PRIOR PROCEEDINGS[2]

Plaintiff was 48 years old at the time of his hearing before the Social Security Administration.  AR 46-47.  He has a GED, has never held a full-time job, and most recently worked in 2010.  AR 47-48.  Plaintiff's alleged physical conditions include post-traumatic stress disorder ("PTSD"), depression, anxiety, paranoia, and carpal tunnel on both hands.  AR 281.  In May 2011, Plaintiff filed applications for DIB and SSI alleging disability beginning November 4, 2010.  AR 213-216, 217-225.  Plaintiff's applications were denied initially and on reconsideration.  AR 142-151, 160-164.  Subsequently, ALJ John Cusker held a hearing on December 19, 2012 (AR 43-68), and issued an order denying benefits on March 5, 2013.  AR 25-36.  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.  AR 7-12.

Plaintiff now challenges that decision, arguing that the ALJ failed to provide specific and legitimate reasons to reject Dr. Michael S. Barnett's medical source statement.  Defendant argues that the ALJ provided specific and legitimate reasons to reject Dr. Barnett's medical source statement.  Specifically, the statement is not supported by Dr. Barnett's treatment notes, is contradicted by Dr. Swanson's consulting examination, and is inconsistent with Plaintiff's daily activities.  Defendant contends these were all specific and legitimate reasons that were supported by substantial evidence in the record.

## III. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is
> not only unable to do his previous work, but cannot, considering his age, education,
> and work experience, engage in any other kind of substantial gainful work which
> exists in the national economy, regardless of whether such work exists in the

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability.  20 C.F.R. §§ 404.1520(a), 416.920(a).  The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The ALJ must consider objective medical evidence and opinion testimony.  20 C.F.R. §§ 404.1513, 416.913.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments;  (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work;  and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

**A.  The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard.  AR 25-36.  More particularly, the ALJ found that Plaintiff met the insured status requirements through March 31, 2011, and that he had not engaged in any substantial gainful activity since November 4, 2010, the alleged disability onset date.  AR 27.  Further, the ALJ identified antisocial personality disorder, borderline intellectual functioning, and history of polysubstance dependence as severe impairments.  AR 27.  Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  AR 28.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: "he can understand, carry out and remember simple instructions, and is able to respond appropriately to usual work situations such as safety and the like.

Changes in the routine will not be very problematic; he has no substantial restriction in daily activities, and difficulty maintaining social functioning does not appear to be present." AR 30.

After considering the testimony of a vocational expert, the ALJ determined that Plaintiff could not perform any past relevant work. AR 34. He also determined Plaintiff could perform jobs that exist in significant numbers in the national economy, including poultry worker, packager, or packing line worker. AR 35. As a result, Plaintiff was not disabled under the Social Security Act. AR 36.

## IV. SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. DISCUSSION

### A. Medical Record

The medical evidence that relates to the issues raised in this appeal is summarized below.

#### i. *Therapy Sessions*

On March 16, 2010, Plaintiff began regularly participating in therapy sessions with Chery McCarter, L.M.F.T. AR 597. In April 2010, Plaintiff's therapist referred him to a psychiatrist for mental treatment. AR 506. In May 2011, Plaintiff entered a residential program at a WestCare treatment facility. AR 632. During therapy sessions Plaintiff reported experiencing auditory hallucinations, feeling depressed and irritable, and being abused as a child by his father. AR 624,

628, 631.  Plaintiff also reported feeling anxious around others and experiencing "panic-like symptoms" when attending a meeting at Fresno City College.  AR 611, 614.  At the treatment facility, Plaintiff wrote poetry, mentored others, facilitated recovery group discussions, and participated in staff meetings.  AR 619-627.  In October 2011, Plaintiff moved into a sober living home and spoke at a substance abuse class at Fresno Pacific University.  AR 608, 612.  Plaintiff graduated from the WestCare program in November 2011, but continued to attend therapy sessions.  AR 606.  Plaintiff was homeless for a period of time when his ability to stay at the sober living home expired.  He reentered the WestCare residential program in September 2012.  AR 414, 476, 481.

### ii.    Dr. Barnett, M.D., Treating Physician

Dr. Barnett began seeing Plaintiff on April 13, 2010.  AR 506.  Plaintiff reported that he had been in and out of prison since 1984, abused cocaine and heroin, has trouble sleeping, becomes paranoid in crowds, is sensitive to loud noises, and was abused as a child.   AR 506.  Upon evaluation, Dr. Barnett found Plaintiff cooperative, in no acute psychiatric distress, and able to make relevant, organized and coherent responses.  AR 507.  During the initial examination, Plaintiff appeared tired, had a depressed mood, but did not display any psychotic symptoms.  AR 507.  In addition, Plaintiff exhibited good insight and judgment, had an intact memory, and was fully oriented to time, place, and situation.  AR 507.  Dr. Barnett diagnosed Plaintiff with severe PTSD; personality disorder, not otherwise specified; and polysubstance abuse in remission.  AR 507.  On May 17, 2011, Plaintiff met Dr. Barnett for a second time.  AR 550.  Plaintiff appeared irritable and more withdrawn, had a difficult time enjoying activities, and reported auditory hallucinations.  AR 550.  Plaintiff was cooperative and was in no acute distress.  AR 551.  He was oriented times three, had good insight and judgment, and had an intact memory. Dr. Barnett further diagnosed Plaintiff with chronic depression.  AR 551.

On December 12, 2012, Dr. Barnett completed a medical source statement and opined that Plaintiff has a mild to moderate impairment in relating to supervisors and co-workers; a mild impairment in performing a simple one or two step tasks and handling funds; a moderate impairment maintaining concentration for at least two hour increments; and a marked impairment in dealing with

the public and dealing with the stress and pressures associated with an eight-hour workday and day to day work activity.  AR 686.

### iii.   *Dr. Swanson, Ph.D., Consultative Examiner*

On August 12, 2011, Steven C. Swanson, Ph.D., performed a psychological examination on Plaintiff.  AR 532-538.  Dr. Swanson reviewed Plaintiff's background information, administered tests measuring Plaintiff's cognitive function, and conducted a clinical interview.  AR 533.  Dr. Swanson noted that Plaintiff was friendly, cooperative, oriented, had a full range of affect, and ambulated independently.  AR 534.  Dr. Swanson opined that Plaintiff's appearance reflected excellent concern for personal hygiene and grooming.  AR 534.  Dr. Swanson found Plaintiff's memory function intact and mental and emotional functioning within normal limits.  AR 534.  Plaintiff reported a disorder of perception and feeling "irritated around people."  AR 534.  However, Dr. Swanson opined that there was no clear indication of ongoing psychotic process and that the vegetative signs of depression were mostly absent.  In addition, Plaintiff's concentration and ability to maintain attention was adequate, his insight and judgment were intact, and his general fund of knowledge fell within normal limits.  AR 534.  Upon formal testing, Dr. Swanson noted signs of possible malingering.  AR 537.

Dr. Swanson diagnosed Plaintiff with polysubstance dependence, antisocial personality disorder, and borderline intellectual functioning.  AR 537.  Dr. Swanson opined that Plaintiff is able to maintain concentration and relate appropriately to others in a job setting; is able to handle funds in his own best interest; is expected to understand, carry out and remember simple instructions; could respond appropriately to usual work situations; and could adapt to changes in routine.  AR 537-538.  Dr. Swanson further opined that Plaintiff did not experience substantial restrictions in daily activities or difficulty maintaining social relationships.  AR 538.

### B.  Legal Standard

The weight given to medical opinions depends in part on whether they are offered by treating, examining, or non-examining (reviewing) professionals.  *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater

6

opportunity to know and observe the patient as an individual.  *Id*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

An ALJ may reject an *uncontradicted* opinion of a treating or examining medical professional only for "clear and convincing" reasons.  *Lester*, 81 F.3d at 831.  In contrast, a *contradicted* opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons.  *Lester*, 81 F.3d at 830.  While a treating professional's opinion is generally accorded superior weight, if it is contradicted by an examining professional's opinion (when supported by different independent clinical findings), the ALJ may resolve the conflict.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995), *citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989).  The regulations require the ALJ to weigh the contradicted treating physician opinion, *Edlund v. Massanari*, 253 F.3d 1152 (9th Cir. 2001), except that the ALJ need not give it any weight if it is conclusory and supported by minimal clinical findings.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting a treating physician's conclusory, minimally-supported opinion); *see also Magallanes*, 881 F.2d at 751.

The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a non-examining physician.  *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984).  As is the case with the opinion of a treating physician, the Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician.  And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.  *Lester*, 81 F.3d at 830.

The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record."  *Thomas*, 278 F.3d at 957.  Such independent reasons may include laboratory test results or contrary reports from examining physicians, and plaintiff's testimony when it conflicts with the treating physician's opinion.  *Lester,* 81 F.3d at 831, *citing Magallanes*, 881 F.2d at 751–55.

///

///

7

**C.  Analysis**

Dr. Barnett's ultimate findings regarding the extent of Plaintiff's limitations are contradicted by the findings of Dr. Swanson.[3]  Consequently, the ALJ only needed to provide specific and legitimate reasons supported by substantial evidence to reject Dr. Barnett's medical source statement.  *Lester*, 81 F.3d at 830-831.

In his decision, the ALJ gave little weight to Dr. Barnett's medical source statement, explaining that:

> I give little weight to Dr. Barnett's medical source statement, because it is not supported by objective findings in the treatment record, and not consistent with Dr. Swanson's findings and opinion. And, Dr. Barnett's opinion is not consistent with the claimant's admitted activities of daily living. The claimant previously admitted that he shops for groceries and he went to classes. The claimant testified that he had stopped attending classes, but admitted using public transportation. He prepares his own meals.

AR 32 (internal citations omitted)

The ALJ thus gave Dr. Barnett's medical source statement reduced weight because: (1) it is not supported by objective findings in the treatment record; (2) it is not consistent with Dr. Swanson's findings and opinions; and (3) Plaintiff's daily activities are inconsistent with the statement's conclusion.  These reasons all constitute specific and legitimate reasons to reject Dr. Barnett's opinion.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (conflict between medical opinion and daily activities "may justify rejecting a treating provider's opinion"); *Tomasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (upholding rejection of physician's opinion where "ultimate conclusions . . . did not mesh with her objective data or history"); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician opinion where physician's "other recorded observations and opinions" contradicted his ultimate conclusions); *Magallanes*, 881 F. 2d at 751-52 (conflicting clinical evidence from non-treating physician may justify rejecting a treating provider's opinion); *Chaudhry v. Astrue*, 688 F. 3d 661, 671 (9th Cir. 2012) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and

---

[3] Dr. Swanson concluded in his report that there was no mental impairment present that that would limit the Plaintiff's ability to work.  AR 539.  Dr. Swanson opined that Plaintiff could carry out simple instructions, maintain concentration, respond appropriately to usual work situations, and adapt to changes in routine.  AR 537-538.  These findings contradict the limitations imposed by Dr. Barnett's medical source statement.

inadequately supported by clinical findings"), *quoting Bray v. Astrue*, 544 F. 3d 1219,1228 (9th Cir. 2009).

All three reasons are supported by substantial evidence.  Dr. Barnett's treatment notes indicated Plaintiff was depressed, had a blunted affect, and exhibited psychotic symptoms.  AR 551. However, these notes also indicate that Plaintiff showed no acute psychic distress, was properly oriented, demonstrated good judgment and insight, and had coherent, relevant, and organized thoughts.  AR 551, 559.  None of Dr. Barnett's findings in his treatment notes support an ultimate conclusion that Plaintiff was disabled by his mental impairments or precluded from performing any substantial work activity.

Moreover, Dr. Swanson reviewed Plaintiff's medical history, interviewed Plaintiff, and administered tests that measured Plaintiff's cognitive function.  AR 532-533.  Dr. Swanson found Plaintiff's memory and concentration intact, and his mental and emotional function within normal limitations.  AR 537.  Dr. Swanson opined that Plaintiff could carry out simple instructions, maintain concentration, handle funds appropriately, and respond appropriately to others and usual work situations.  AR 537-538.  Dr. Swanson also noted that changes in routine would not be problematic for Plaintiff.  AR 538.  Dr. Swanson concluded that there was no mental impairment present that would limit Plaintiff's ability to work.  AR 539.

Plaintiff argues that Dr. Swanson's opinion does not rest on substantial evidence because he did not review any medical records and did not have a longitudinal picture of Plaintiff's psychiatric profile.  (Plaintiff's Opening Brief 8:23-26, ECF No. 12).  However, the administrative record reveals that Dr. Swanson reviewed Plaintiff's background information and Dr. Barnett's medical note from April 13, 2010.  AR 533.  Moreover, Dr. Swanson conducted an in-person examination of Plaintiff and the ALJ properly relied on Dr. Swanson's clinical findings.  *Thomas*, 278 F.3d at 957 (the opinions of non-treating examining physicians may serve as substantial evidence when the evidence is consistent with independent clinical findings or other evidence in the record). The Court is also not persuaded by Plaintiff's reliance on *Reddick v. Chater*, 157 F.3d 715 (9th Cir. 1998).  In *Reddick*, the ALJ rejected the medical opinions of a treating physician and consultative examiner, because the opinions were based on the claimant's subjective complaints.  *Id* at 721.  Instead, the

ALJ relied on the assessments of two Social Security consultative examiners, whom he deemed to be more objective. *Id*. The Ninth Circuit Court of Appeal found that the ALJ's rejection of the medical opinions was improper, because the ALJ's reasoning was counter to the published framework for evaluating and diagnosing the claimant's disorder. *Id* at 725-726. The Court noted that the Social Security consultative examiners assessed the claimant on a one-time basis and one of the examiners did not have access to key medical records. *Id* at 727. The Ninth Circuit concluded that there was no basis for the ALJ's finding that the Social Security consulting examiners were more objective than the opinions of the physicians the ALJ rejected. *Id* at 726-727. The Court's holding does not suggest that a medical examiner's opinion based on a one-time examination without a review of medical records is of questionable value. *Id* at 725-727.

Finally, Plaintiff appears to enjoy a full range of daily activities that do not support a finding that he was disabled. The ALJ noted that Plaintiff does his own laundry, shops, prepares his own meals, uses public transportation, and does housework. AR 32, 342-343, 365-366. In addition, Ms. McCarter's counseling notes indicated Plaintiff attended and actively participated in therapy sessions, served as a mentor, attended staff meetings, and attended a substance abuse class at Fresno Pacific University. AR 597-632. While the record demonstrates that Plaintiff often feels depressed, feels anxious around people, and experiences psychotic symptoms, Plaintiff's daily activities are inconsistent with the limitations imposed by Dr. Barnett's medical source statement.

The ALJ could have reasonably determined that Plaintiff was not disabled based on any of these reasons and did not err in his treatment of Dr. Barnett's medical source statement.

**VI. CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.

\\\

\\\

The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Benito Randy Dugan.

IT IS SO ORDERED.

Dated:  __February 17, 2016__          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE